# CIRCUIT COURT OF FAIRFAX COUNTY

Braaf et al.

v.

Seneca Hill
Veterinary Co.

April 7, 1999

Case No. (Law) 172609

BY JUDGE JONATHAN C. THACHER

This matter comes before the Court on Defendant's Motion for Leave to Amend its Amended Answer, Grounds of Defense, and Counterclaim. For the reasons discussed in this opinion letter, Defendant's Motion is denied.

Leave to amend the Amended Answer, Grounds of Defense, and Counterclaim may not be granted because Defendant's claim of fraud is time barred. Fraud claims are governed by a two-year statute of limitations. The statute began running no later than when Seneca Hill knew or should have known of the alleged fraud. Seneca Hill alleges that Dr. Harvey Braaf made the representation in early 1995 as to his medical condition,[1] and that Dr. Braaf died of his brain cancer on or about August 25, 1995. Thus, the statute began running either in early 1995 (when the alleged misrepresentation was made) or no later than August 25, 1995 (when Dr. Braaf died). The statute of limitations expired no later than August 26, 1997. Seneca Hill filed its

---

[1] In late 1994 or early 1995, Seneca Hill approached the Braafs regarding purchasing the veterinary practice. Shortly thereafter, the Braafs provided Seneca Hill with a chronology of the practice labeled "Seneca Hill Veterinary Hospital Historical Development" that disclosed the nature of Dr. Braaf's illness and that in July, 1993, Dr. Braaf was informed that he was in remission.

counterclaim on August 10, 1998. Therefore, the claims Seneca Hill now seeks to add are time barred.

Defendant's argument that the alleged fraud regarding Dr. Braaf's death could not have been discovered until discovery is without merit. Seneca Hill knew or should have known that Dr. Braaf lost his remission when (1) Dr. Braaf entered the Northern Virginia Hospice within a week or two of the June 1, 1995, closing, or (2) when Dr. Braaf died at the Hospice on August 25, 1995. Moreover, Seneca Hill knew that the "Seneca Hill Veterinary Hospital Historical Development" report stated that Dr. Braaf was diagnosed with an inoperable malignant brain tumor in 1991. Given these facts, it is clear to the Court that Seneca Hill had knowledge of all the material facts prior to the provision of the medical records during discovery.

Furthermore, the Court finds that the Plaintiffs will be unfairly prejudiced if leave to amend is granted. This case is set for trial on June 1, 1999. The discovery deadline and settlement conference is April 30, 1999. Plaintiffs' expert designations were due on March 1, 1999. Additionally, Seneca Hill has already amended its Responsive Pleading on one occasion to add a claim against the Plaintiffs. Seneca Hill had an opportunity at that time to include the fraud claims but failed to do so.

For these reasons, Defendant's Motion for Leave to Amend its Amended Answer, Grounds of Defense, and Counterclaim is denied.